# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BONNIE MARTINEZ,

Plaintiff,

-vs-                                                  Case No.  6:04-cv-1819-Orl-18JGG

PALM BAY POLICE DEPARTMENT,
CITY OF PALM BAY, FLORIDA,
CASSANDRA WORONKA,
F. WALTERS,

Defendants.

---

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS PALM BAY POLICE DEPARTMENT AND CITY OF PALM BAY, FLORIDA'S MOTION TO COMPEL (Doc. No. 26)** |
| **FILED:** | **February 23, 2006** |

THEREON it is **ORDERED** that the motion is **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **DEFENDANTS WORONKA AND WALTERS' MOTION TO COMPEL APPEARANCE AT DEPOSITION (Doc. No. 28)** |
| **FILED:** | **March 14, 2006** |

THEREON it is **ORDERED** that the motion is **DENIED**.

| MOTION: | PLAINTIFF'S FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS WORONKA AND WALTERS (Doc. No. 29) |
|---|---|
| FILED: | March 15, 2006 |

THEREON it is ORDERED that the motion is DENIED as moot.

| MOTION: | PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS WORONKA AND WALTERS (Doc. No. 20) |
|---|---|
| FILED: | March 15, 2006 |

THEREON it is ORDERED that the motion is DENIED as moot.

Plaintiff Bonnie Martinez, legal guardian of Stephanie Martinez, seeks to hold Defendants Cassandra Woronka, F. Walters, Palm Bay Police Department, and City of Palm Bay, Florida liable for injuries resulting from Woronka and Walters' alleged excessive use of force while falsely arresting Stephanie Martinez. Docket No. 2. On the eve of the close of discovery on March 15, 2006, the parties filed a number of discovery motions that could have been resolved earlier and without court involvement if the parties had made a good faith effort to communicate with each other.

## I.   DEFENDANTS' MOTION TO COMPEL EXECUTION OF RELEASES

On February 8, 2006, Defendants Palm City Police Department and City of Palm Bay sent Plaintiff a number of "Authorizations for the Release of Sensitive Medical Records" and a letter requesting executions of release in order to seek medical records from four non-party "medical service providers." Docket No. 26-1 at 1. Without a response from Plaintiff, on February 23, 2006, Defendants filed a motion to compel, asking that the Court order Plaintiff to execute these releases.

-2-

*Id.* While Defendants, in their motion, state that Plaintiff opposed the motion. Plaintiff never filed a memorandum in opposition. On March 14, 2006, the Court ordered Plaintiff to show cause in writing why the case should not be dismissed for failure to prosecute under Local Rule 3.10. Docket No. 27.

On March 30, 2006, Plaintiff responded to the show cause order, stating that on February 28, 2006, Plaintiff executed all of the requested releases (including some releases not requested in the motion to compel), except one for Brevard Public Schools which Plaintiff alleges Defendants did not send to Plaintiff. Docket No. 33-1 at 2. Plaintiff also, belatedly, asks that the Court deny Defendants' motion to compel because the releases Defendants seek in their motion to compel "are different than the releases attached to their [February 8, 2006] letter." *Id.* at 2. Plaintiff also attaches as an exhibit a Federal Express receipt that shows that on February 28, 2006, Plaintiff sent releases to counsel for Defendants Woronka and Walters, not counsel for Defendants Palm City Police Department and City of Palm Bay. Docket No. 33-2 at 6.

It is apparent that none of the parties have effectively communicated with each other (including the Defendants amongst themselves) to resolve discovery issues, avoid duplication of effort, and minimize the burden on non-parties. As Plaintiff states that she has executed all releases that she received, the motion to compel (Docket No. 26) is **DENIED** as moot.

## II.    DEFENDANTS' MOTION TO COMPEL NON-PARTY APPEARANCES

Defendants Woronka and Walters move to compel the appearances at deposition of three non-party medical service providers who treated Stephanie Martinez. Docket No. 28-1. Plaintiff does not oppose the motion. According to Defendants, the three non-parties – Dr. Derrick Eisnor, Dr. David Linger, and Tina Campinelli – did not appear at depositions scheduled for March 13, 2006. *Id.* at 1.

Defendants attach to their motion affidavits of service for Dr. Eisnor and Campinelli.[1] showing service

on "Jannenne Authorized to Accept" on March 8, 2006 and "Pat Authorized to Accept" on March 9,

2006. respectively.[2] Docket Nos. 28-2, 28-3. Without formally serving Dr. Linger. Defendants called

Dr. Linger on March 13, 2006, the day of the scheduled deposition, and, according to Defendants, Dr.

Linger indicated that he would appear. Docket No. 18-1 at 3.

Under the Federal Rules of Civil Procedure, in order to command a person's appearance at

deposition. service of the subpoena must be delivered "to such person[,]" along with "fees for one

day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). While Rule 45 does not

provide a fixed time limit for service of subpoenas, Local Rule 3.02(a). however. provides that a party

desiring to take the deposition "of any person" must give at least ten days written notice to every other

party in the action and the deponent. The Court may quash or modify a subpoena that fails to allow

a reasonable time for compliance. Fed. R. Civ. P. 45(c)(3)(A)(I). A party responsible for service of

the subpoena should take "reasonable steps to avoid imposing undue burden or expense" on the

deponent. Fed. R. Civ. P. 45(b)(2). In addition. a party may move for an order compelling disclosure

or discovery "upon reasonable notice to other parties and all persons affected thereby." Fed. R. Civ.

P. 37(a).

Defendants scheduled these depositions for March 13, 2006 – *two days* before the close of

discovery – and failed to comply with any of the notice requirements under the relevant Federal Rules

---

[1]Defendants' motion seeks to compel the appearance of "Ms. Tina Campinelli." *See* Docket No. 28-1 at 1-2. The affidavit of service claims service on "Dr. Tina Campinelle." Docket No. 28-3.

[2]The process server did not receive the subpoenas to be served until March 6, 2006 for Dr. Eisnor and March 8. 2006 for Campinelli. Docket Nos. 28-2, 28-3.

of Civil Procedure and Local Rules.  Defendants did not properly serve any of the non-party deponents, and did not give reasonable time to comply with the subpoenas (even assuming Dr. Eisnor and Campinelli were properly served).  In addition, while counsel for Defendants certifies that he served this motion to compel on opposing counsel, it does not appear that he ever provided notice to the three non-parties of this motion to compel their appearances.  Defendants' motion to compel (Docket No. 28) is **DENIED**.

III.   **PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS**

On March 15, 2006, the cut-off date for discovery, Plaintiff filed two motions to compel production of documents (responsive to her First Request to Produce and her Second Request to Produce) from Defendants Woronka and Walters.  Docket Nos. 29, 30.  Plaintiff also seeks attorney's fees and costs related to filing the two motions to compel.  *Id.*

Plaintiff served her First Request to Produce on January 30, 2006, and Defendants never responded.  Docket No. 29.  Defendants state that they never received Plaintiff's First Request to Produce, and were first alerted to them by a letter from counsel for Plaintiff dated March 13, 2006.  Docket No. 31-1 at 1.  Immediately upon receipt of the letter, counsel for Defendants contacted counsel for Plaintiff who sent, by fax, the requests on March 14, 2006.  *Id.* at 2.  Plaintiff filed her motion to compel the following day.  Docket No. 29.  In their memorandum in opposition, Defendants state that they are preparing their responses and "anticipate those responses will be served on plaintiff on or before March 28, 2006."  *Id.* at 2.

Plaintiff served her Second Request to Produce on February 14, 2006.  Docket No. 30 at 1. Defendants served responses on February 27, 2006, mostly stating that the requested documents (e.g.

Woronka and Walter's personnel files, written statements, disciplinary files, etc.) were not in Defendants' "possession, custody, or control" and that "[t]o the extent that such documents may exist, they would be within the possession custody and control (sic) of [Defendant] City of Palm Bay, Florida." Docket No. 30 at 2-6. Plaintiff, in her motion to compel, argues that the Court should order Defendants to produce the documents because "it is clear that the Defendants do have custody and control of said documents." *Id.* at 2. Defendants counter that Defendants Woronka and Walters are not in "actual possession" of the documents; that the documents are public record; and that nonetheless, Woronka and Walters have requested the documents from Defendant City of Palm Bay, Florida and will produce the documents upon receipt. Docket No. 32 at 4. In addition, Woronka and Walters claim that Defendant City of Palm Bay, Florida has already produced many of these documents in discovery. *Id.* Woronka and Walters state, "[i]t is clear therefore, that this Motion is either moot or will be moot in the near future." *Id.*

As stated earlier, all of these discovery disputes could have been resolved (and even avoided altogether) if all parties simply talked to each other to coordinate discovery. As all of Plaintiff's requests for documents have been produced or will be produced, Plaintiff's motions to compel (Docket Nos. 29, 30) are **DENIED** as moot. Plaintiff's request for attorney's fees and costs is **DENIED**.

## IV.   DISCOVERY DEADLINE

In these motions, Plaintiff and Defendants also request extensions of discovery deadlines to various dates (on which they disagree). Docket Nos. 28-1, 29, 30. None of the parties have shown

good cause to extend the discovery deadline. *See* Docket No. 20 at 4. ¶ IIB(1). All requests to extend the discovery deadline are **DENIED**.[3]

Therefore, for the reasons stated above, it is **ORDERED**:

1.  Defendants' Motion to Compel (Docket No. 26) is **DENIED** as moot;

2.  the Order to Show Cause (Docket No. 27) is discharged;

3.  Defendants' Motion to Compel Non-Party Appearances (Docket No. 28) is **DENIED**;

4.  Plaintiff's First Motion to Compel Production of Documents (Docket No. 29) is **DENIED** as moot;

5.  Plaintiff's Second Motion to Compel Production of Documents (Docket No. 30) is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on April __4__, 2006.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] The Court reminds all parties that they may agree to conduct discovery after the close of discovery, but should not expect the Court to resolve discovery disputes arising after the formal deadline. *See* Middle District Discovery (2001) at 3, ¶ F(1).