**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BONNIE MARTINEZ,**

               **Plaintiff,**

**-vs-**                                   **Case No.  6:04-cv-1819-Orl-18JGG**

**PALM BAY POLICE DEPARTMENT,**
**CITY OF PALM BAY, FLORIDA,**
**CASSANDRA WORONKA,**
**F. WALTERS,**

               **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **PLAINTIFF'S MOTION OBJECTING TO TAXATION OF COSTS AND THE PROPOSED BILL OF COSTS BY DEFENDANTS CITY OF PALM BAY, FLORIDA AND PALM BAY CITY POLICE DEPARTMENT (Doc. No. 68)** |
| **FILED:**      **July 28, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. |

**I.**    **PROCEDURAL HISTORY**

_____Plaintiff Bonnie Martinez, legal guardian of Stephanie Martinez, filed this action against

Defendants Cassandra Woronka, F. Walters, Palm Bay Police Department, and City of Palm Bay,

Florida liable for injuries resulting from Woronka and Walters' alleged excessive use of force while

falsely arresting Stephanie Martinez.  Docket No. 2.  On July 11, 2006, the district court granted

summary judgment in favor of all defendants on all claims in this action.  Docket No. 61.  Thereafter,

the Clerk entered judgment in favor of Defendants and closed the case.  Docket No. 62.  On July 21,

2006, defendants Palm Bay Police Department and City of Palm Bay ("Defendants")[1] filed a bill of

costs requesting $11,423.52 for fees of the clerk, court reporter fees for transcriptions of hearings and

deposition transcripts, fees for witnesses, fees for copies, and "other costs."  Docket No. 65 at 1.  On

July 24, 2006, the Clerk taxed costs against Plaintiff as requested.  Docket No. 66.

On July 26, 2006, Plaintiff timely filed a Motion Objecting to Taxation of Costs [Docket No.

68] which the district court referred to the undersigned on August 14, 2006.  Plaintiff asks this Court

to strike a number of the costs taxed against her, including: 1.) $150 for fees of the Clerk; 2.) $6,700

for witness fees; 3.) $621.68 for copies; and 4.) $629.81 for "other costs" that Plaintiff claims are not

taxable or were not necessarily obtained for use in the case.  Docket No. 68 at 2.

## II.   THE LAW

### A.   Taxation of Costs

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the

Court or applicable statute.  *See* Fed. R. Civ. P. 54 (d)(1).[2]  Congress has delineated which costs are

---

[1] Plaintiff filed a separate motion objecting to the costs claimed by defendants Woronka and Walters.  Docket No. 69.  The Court denied the motion on August 14, 2006.  Docket No. 78.

[2]  Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

recoverable under Rule 54 (d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920;[3] *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44; *see also Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996); *Desisto Coll., Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 911 (M.D. Fla. 1989) (declined to follow on other grounds by *EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000)).

To rebut the presumption that the prevailing party receives costs, the losing party "must demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing side." *Desisto Coll., Inc.*, 718 F.Supp. at 911 (quotations omitted). Thus, when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter "within the exclusive knowledge of the prevailing party." *See Desisto Coll., Inc.*, 718 F. Supp.at 910 n.1.

---

[3]  Title 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

### 1.   Fees of the Clerk

Section 1920(1) provides for the taxation of the "Fees of the clerk" as costs.  28 U.S.C.

1920(1).  28 U.S.C. § 1914 lists, in turn, the fees the clerk of the court may charge.  Section

1914(a) provides that:

> [t]he clerk of each district court shall require the parties instituting any civil action,
> suit or proceeding in such court, whether by original process, removal or otherwise,
> to pay a filing fee of $350, except that on application for a writ of habeas corpus the
> filing fee shall be $5.

28 U.S.C. § 1914(a).[4]

### 2.   Expert Witness Fees

Congress has also established the fees payable to a witness, and the extent to which  those

fees are included in awardable costs.  28 U.S. C. § 1821; *see Crawford,* 482 U.S. 437.  When a

prevailing party seeks reimbursement for fees paid to its own expert witnesses -- as opposed to

those appointed by the court -- "a federal court is bound by the limit of 28 U.S.C. §1821(b), absent

contract or *explicit* statutory authority to the contrary."  *Crawford*, 482 U.S. at 442 (emphasis

added); *see Morrison*, 97 F.3d at 463.  Section 1821 specifically limits the §1920(3) provision for

the costs of witness fees.  *See Crawford*, 482 U.S. at 441 - 442.; *see also Kivi v. Nationwide*

*Mutual Insurance Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983);  *Loughan v. Firestone Tire &*

*Rubber Co.* 749 F.2d 1519, 1526 (11th Cir. 1985) (the Eleventh Circuit upheld a denial of expert

witness fees in excess of those awardable under § 1821 in a products liability *diversity* case).

Section 1821 provides, in relevant part:

---

[4]Defendants filed their notice of removal in this action in December 2004.  In 2004, 28 U.S.C. § 1914(a) required a filing fee of $150.  Subsequent amendments to 28 U.S.C. § 1914 raised the filing fee to $250, and more recently, to $350.  *See* Pub.L. 108-447, Div. B, § 307(a); Pub.L. 109-171, § 10001(a).

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b).  In addition, a witness is entitled to the actual expenses of travel by common

carrier at the most economical rate reasonable available.  28 U.S.C. § 1821(c)(1).  A witness is

also entitled to a subsistence allowance in an amount not to exceed the per diem allowance for

federal employees when the witness is required to stay overnight.  28 U.S.C. § 1821(d)(1)-(2).

>    3.    *Copy Costs*

Section 1920(4) authorizes the taxation of costs for "copies of papers necessarily obtained

for use in the case."  28 U.S.C. §1920(2)**;** *EEOC*, 213 F.3d at 623.  In evaluating copying costs, the

Court should consider "whether the prevailing party could have reasonably believed that it was

necessary" to copy the papers.  *EEOC*, 213 F.3d at 623.  While the burden generally lies with the

losing party to demonstrate that costs should not be taxed, with copying costs, the prevailing party

bears the burden of proving that the copies were necessary because they are generally costs "within

the exclusive knowledge" of the prevailing party.  *Desisto Coll., Inc.,* 718 F.Supp. at 910 n.1.

Copying costs, like deposition costs, are recoverable even if the papers at issue were not used at

trial, or even if the papers were never submitted to the Court or opposing counsel.  *EEOC*, 213

F.3d at 623.   In general, copies "attributable to discovery" are recoverable under § 1920(4).  *Id.*

(quoting *Desisto Coll., Inc.,* 718 F.Supp. at 913).

## III.    **APPLICATION**

As stated earlier, Plaintiff asks this Court to strike the costs taxed against her, including: 1.)

$150 for fees of the clerk; 2.) $6,700 for witness fees; 3.) $621.68 for copies; and 4.) $629.81 for

"other costs" that Plaintiff claims are not taxable or were not necessarily obtained for use in the case.  Docket No. 68 at 2.  In their memorandum in opposition, Defendants merely ask that the Court deny Plaintiff's motion, and do not further justify or explain their bill of costs.[5]  *See* Docket No. 73.

### A.    Fees of the Clerk

First, Plaintiff objects to the taxation of $150 in fees "for the Brevard County Clerk [sic] of the Court."  Docket No. 68 at 2, ¶ 4.  Plaintiff argues that she should not be taxed for this cost because Defendants "chose to voluntarily remove this case to federal court."  *Id.*  Plaintiff's argument is without merit.  A removal fee is a filing fee of the clerk, and may be taxed as a cost under 28 U.S.C. § 1920(1).  Plaintiff's request to strike $150 in fees of the clerk should be **DENIED**.

### B.    Witness Fees

Plaintiff next challenges the $6,700 cost for witness fees.  Plaintiff contends that Defendants failed to provide a sufficient explanation and breakdown of the amount claimed.  Docket No. 68 at 2, ¶ 5.  In their proposed bill of costs, Defendants list fees for two witnesses: 1.) $5,200 for the "subsistence" of David M. Grossi, and 2.) $1,500 for the "attendance" of "Dr. Gurganious, Central Florida Sports Medicine & Ortho [sic]."  Docket No. 65 at 2.  Defendants also submitted a chart in which they list and describe three payments made for witness fees: 1.) $3,750 as an "Expert witness fee" to David M. Grossi, 2.) $1,500 as a "Fee for deposition of Dr. Gurganious" to the Central Florida Sports Medicine & Orthopaedic Center [the "Center"], and 3.)

---

[5]Defendants do not even cite 28 U.S.C. § 1920.  *See* Docket No. 73.

$1,450 as another expert witness fee to David M. Grossi.  *Id.* at 14.  Defendants further provided

two invoices from Grossi for reviewing documents and depositions and consulting with

Defendants' counsel.  Docket No. 65 at 15-16, 18.  Defendants also submitted a Fee Agreement

with the Center (not Dr. Gurganious) that shows that Defendants' counsel paid the Center $1,500.

*Id.* at 17.  The Fee Agreement states the Center's rate of $150 for each additional minute over one

hour, but does not state the rate for the first hour.  *Id.*

Defendants' witness fees far exceed the limits of § 1920 and 28 U.S.C. §1821.  Further, the

fees for Grossi are not taxable as costs.  Although Defendants list the $5,200 fee as "subsistence"

for Grossi, the invoices indicate that Defendants paid Grossi to review the case, not to attend a

deposition or for subsistence related to the attendance.  Plaintiff's request to strike $6,700 for

witness fees is **GRANTED** in part.  Defendants shall recover $40 for Dr. Gurganious' attendance

at deposition on March 9, 2006 (*see* Docket No. 65 at 10) pursuant to §§ 1821(b) and 1920(3).

### C.    Copy Costs

Plaintiff also objects to copy costs on the grounds that Defendants failed to provide a

breakdown of this amount claimed and that Defendants have not adequately demonstrated how

these costs were reasonable or necessary.  Docket No. 68 at 2, ¶ 6.  As support for **$621.68** in copy

costs, Defendants attached to their bill of costs an invoice a chart listing a total of **$421.68** in copy

costs that Defendants claim were necessarily obtained for the case.  Docket No. 65 at 19.  The

chart lists $196.88 for "Copy Costs for records from Central Florida Sports Medicine and

Orthopaedics" from March 30, 2006, and $224.80 for "Copy Costs" for December 13, 2005

through July 15, 2006.  *Id.*  Defendants also submitted an invoice for the $196.88 paid on behalf of

Central Florida Sports Medicine and Orthopaedics.  Defendants never state what they copied, how

many copies they made, or even the rate charged.  Further, Defendants never explain or document

the reason for the $200 discrepancy between their "breakdown" and the amount claimed.

Defendants failed to make even a minimal showing that these copy costs were necessary to the

case.  *See Duckworth v. Whisenan*, 97 F.3d 1393, 1399 (11th Cir. 1996) ("Plaintiff's affidavits

appear to include costs such as general copying . . . which are clearly nonrecoverable").  Plaintiff's

request to strike $621.68 in copy costs should be **GRANTED**.

### D.      Travel Expenses and Mediation Fee

Finally, Plaintiff objects to $629.81 for "other costs."  Docket No. 68 at 2, ¶ 7.  Defendants

attached to their bill of costs a breakdown of the $629.81 claimed in "other costs" which include a

mediation fee, as well as expenses for "Travel" (to file the notice of removal and attend various

depositions) for Dennise Hernandez Gruber, Andrew I. Dayes, and Christopher Hardee.  Docket

No. 65 at 21.  Defendants also submitted an invoice from the mediator for $146.66.  *Id.* at 22.

Defendants never state the job title of Gruber, Dayes, and Hardee, nor explain why these

individuals' travel are taxable as costs under § 1920.

Section 1920 does not list mediation fees as a taxable cost, and Defendants have cited (and

this Court has found) no legal authority permitting the taxation of mediation fees.  *See JES*

*Properties, Inc. v. USA Equestrian, Inc.*, 432 F.Supp.2d 1283, 1296 (M.D. Fla. 2006); *Association*

*for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F.Supp.2d 1272, 1304

(M.D. Fla. 2005) ("[t]he mediation fee is not normally awarded as a cost, but rather is typically

split between the parties").  Defendants' "other costs" are not recoverable under § 1920, and

Plaintiff's request to strike these costs should be **GRANTED**.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion Objecting to Taxation of Costs [Docket No. 68] be **GRANTED** in part and **DENIED** in part.

The costs judgment against Plaintiff [Docket No. 66] should be reduced in the amount of $7,911.49 as follows: 1.) a $6,660 reduction in fees for witnesses, 2.) a $621.68 reduction in "fees for exemplification and copies of papers necessarily obtained for use in the case," and 3.) a $629.81 reduction in "other costs." The Court recommends that Defendants recover costs in the amount of $3,512.03.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 21, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party
Courtroom Deputy